IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARILYN HAYES,

      Plaintiff,                      No. CIV S-04-1621 KJM

    vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

      Defendant.                <u>ORDER</u>

        /

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). For the reasons discussed below, the court will deny plaintiff's motion for summary judgment or remand and grant the Commissioner's cross-motion for summary judgment.

/////

/////

/////

/////

/////

/////

1

I. <u>Factual and Procedural Background</u>

In a decision dated November 20, 2002, the ALJ determined plaintiff was disabled as of October 5, 2002, the date plaintiff reached age fifty, but was not disabled prior to that date.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. The ALJ found plaintiff has severe impairments of hepatitis C, liver disease, back strain, and right shoulder injury but these impairments do not meet or medically equal a listed impairment; plaintiff is not fully credible; plaintiff can perform sedentary work; and using the grid rules, plaintiff was not disabled prior to her fiftieth birthday but was disabled thereafter. Administrative Transcript ("AT") 24. Plaintiff contends the ALJ improperly

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 <u>et seq</u>. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 <u>et seq</u>. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. <u>See</u> 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

<u>Lester v. Chater</u>, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. <u>Bowen</u>, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. <u>Id</u>.

assessed her residual functional capacity, did not accord proper weight to the opinion of a treating physician, improperly discredited plaintiff's testimony, and improperly applied the grids.

II. Standard of Review

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)). Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance. Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)). The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

III. Analysis

   A. Residual Functional Capacity

Plaintiff contends the ALJ improperly assessed her residual functional capacity by excluding limitations due to fatigue and mental impairment. Social Security Ruling 96-8p sets

forth the policy interpretation of the Commissioner for assessing residual functional capacity. SSR 96-8p.  Residual functional capacity is what a person "can still do despite [the individual's] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a); see also Valencia v. Heckler, 751 F.2d 1082, 1085 (9th Cir. 1985) (residual functional capacity reflects current "physical and mental capabilities").

The ALJ found plaintiff could perform sedentary work.  As discussed below, plaintiff's allegations of completely disabling fatigue were properly discredited.  To the extent plaintiff experiences fatigue as a side effect of Hepatitis C, the ALJ properly incorporated this limitation by restricting plaintiff to sedentary work and this finding was supported by substantial evidence.  AT 22, 185, 190 (consultative examiner and state agency physician assessed plaintiff with residual functional capacity for sedentary work).  With respect to plaintiff's claimed mental impairment, the ALJ correctly noted there was no diagnosis of a current mental impairment and there was no treatment regarding depression or other mental disorder.  AT 21.  The moderate mental limitations previously assessed in connection with plaintiff's prior SSI application were determined to be insufficient as a basis for finding disability.  AT 218-219, 320-322, 327.  The prior determination is binding absent changed circumstances in plaintiff's mental condition, which are not present here.  Chavez v. Bowen, 844 F.2d 691, 692-93 (9th Cir. 1988).  There was no error in the residual functional capacity finding.

B.  Treating Physician Opinion

Plaintiff also contends the ALJ improperly rejected the opinion of treating physician Dr. Watson.  The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals.  Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).  Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual.  Id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996).

/////

1     To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record, and (2) clinical findings support the opinions.  An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons.  Lester, 81 F.3d at 831.  In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons, that are supported by substantial evidence.  Id. at 830.  While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (e.g., supported by different independent clinical findings), the ALJ may resolve the conflict.  Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)).  In any event, the ALJ need not give weight to conclusory opinions supported by minimal clinical findings.  Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir.1999) (treating physician's conclusory, minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751.  The opinion of a non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining professional.  Lester, 81 F.3d at 831.

    Dr. Watson opined in a questionnaire dated October 22, 2002 that plaintiff would have to lie down two to three times a day due to fatigue.  AT 214.  Dr. Watson set forth no other functional limitations.  In considering this opinion, the ALJ noted the sparsity of records provided by Dr. Watson in support of the lying-down limitation and also noted the conclusory nature of the opinion that offered little in the way of describing limitations in the work context. AT 22, 199-209.  Moreover, the ALJ properly relied on the opinion of the consultative examiner, whose functional limitations were founded on his own clinical observations, and who concluded that despite problems associated with hepatitis C, plaintiff could perform sedentary work.  AT 22, 185.  Inasmuch as Dr. Watson's opinion was rendered after the time period plaintiff was found to be disabled and the opinion does not indicate whether the physician was opining as to plaintiff's limitations at a prior time, the court finds no error in the ALJ's analysis.

C. Credibility

Plaintiff also contends the ALJ improperly discredited her testimony regarding fatigue. The ALJ determines whether a disability applicant is credible, and the court defers to the ALJ's discretion if the ALJ used the proper process and provided proper reasons. See, e.g., Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995). If credibility is critical, the ALJ must make an explicit credibility finding. Albalos v. Sullivan, 907 F.2d 871, 873-74 (9th Cir. 1990); Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990) (requiring explicit credibility finding to be supported by "a specific, cogent reason for the disbelief").

In evaluating whether subjective complaints are credible, the ALJ should first consider objective medical evidence and then consider other factors. Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991) (en banc). If there is objective medical evidence of an impairment, the ALJ then may consider the nature of the symptoms alleged, including aggravating factors, medication, treatment and functional restrictions. See id. at 345-47. The ALJ also may consider: (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, and (3) the applicant's daily activities. Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996); see generally SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR 55406-01; SSR 88-13. Work records, physician and third party testimony about nature, severity and effect of symptoms, and inconsistencies between testimony and conduct also may be relevant. Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir. 1997). A failure to seek treatment for an allegedly debilitating medical problem may be a valid consideration by the ALJ in determining whether the alleged associated pain is not a significant nonexertional impairment. See Flaten v. Secretary of HHS, 44 F.3d 1453, 1464 (9th Cir. 1995). The ALJ may rely, in part, on his or her own observations, see Quang Van Han v. Bowen, 882 F.2d 1453, 1458 (9th Cir. 1989), which cannot substitute for medical diagnosis. Marcia v. Sullivan, 900 F.2d 172, 177 n.6 (9th Cir. 1990). "Without affirmative evidence showing that the claimant is malingering,

6

the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing." Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

Plaintiff testified that after a couple hours of activity, she needed to lie down at least an hour or two. AT 355. The ALJ credited plaintiff's testimony to the extent plaintiff may have fatigue but found this limitation not inconsistent with the ability to perform sedentary work. AT 22. In assessing plaintiff's credibility, the ALJ considered the minimal treatment plaintiff had had for hepatitis C, that plaintiff had not undergone liver biopsy or interferon treatment, and that she was not on pain medication. AT 22, 73, 100, 199-209; cf. AT 358 (plaintiff testified she did not take pain medication because of liver problems).[2] The ALJ also considered plaintiff's ability to perform some intermittent household chores, including cooking. AT 20, 364-65. Although plaintiff testified to only minimal activities, the ALJ properly considered plaintiff's ability to engage in common household activities as not inconsistent with the ability to perform sedentary activities. AT 22. The factors considered by the ALJ all were valid and supported by the record. The ALJ's credibility determination was based on permissible grounds and will not be disturbed.

D.  Grids

Plaintiff contends the ALJ improperly used the grids because fatigue is a nonexertional limitation and because plaintiff should have been considered in a borderline situation requiring application of a grid rule more favorable to plaintiff. The Medical-Vocational Guidelines ("the grids") are in table form. See Appendix 2 to Subpart P of Part 404--Medical-Vocational Guidelines. The tables present various combinations of factors the ALJ must

---

[2] Although an inability to take pain medication due to medial complications would undermine the validity of the ALJ's discounting plaintiff's credibility on the basis of no pain medication, here plaintiff also acknowledged she had not discussed liver problems with the doctor and there was little evidence of treatment for hepatitis. AT 73, 100, 361. See also AT 335 (doctor directed patient to not take any non-prescribed drugs), 377 (doctor approved use of Tylenol #3 if plaintiff needed it).

7

consider in determining whether other work is available.  See generally Desrosiers, 846 F.2d at 577-78 (Pregerson, J., concurring). The factors include residual functional capacity, age, education, and work experience.  For each combination, the grids direct a finding of either "disabled" or "not disabled."

As discussed above, the ALJ properly accommodated plaintiff's fatigue in the finding that plaintiff was limited to sedentary work.  The ALJ found no erosion in the sedentary base was warranted based on nonexertional limitations.  AT 23.  Under these circumstances, there was no error in relying on the grids.

Plaintiff, however, further contends plaintiff presents a borderline case because she turned 50 years of age just prior to the ALJ's decision.  The regulations governing application of the grids provide where a claimant is "within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors of your case." 20 C.F.R. § 404.1563(b).  ALJs are supposed to apply a two-part test in identifying borderline age situations:  (1) determine whether plaintiff is within a few days or a few months of a higher age category, and (2) if so, determine whether using the higher age category would result in a decision of  "disabled."  HALLEX II-5-3-2.  If a borderline situation is found, a "sliding scale" approach is then used, where additional vocational adversity must be shown as the time period between the plaintiff's actual age and the attainment of the next higher category lengthens.  Id.

Plaintiff turned fifty on October 5, 2002 and under grid rule 201.12, the ALJ found plaintiff was disabled as of that date.  Plaintiff argues that this favorable grid rule should have been applied to find her disabled as of May 24, 2001, the date of the application at issue here and seventeen months prior to her fiftieth birthday.  Plaintiff's argument would turn the line drawing created by the grids on its head.  See Russell v. Bowen, 856 F.2d 81, 83 (9th Cir. 1988) (distinction drawn in regulations between different ages may be imperfect, but not irrational).

1  Plaintiff points to no additional vocational adversity evident in the record to warrant application
2  of the more favorable rule.  Moreover, the ALJ specifically reviewed the record with an eye to
3  determining whether an earlier date could be used in this case and found no recent significant
4  change in plaintiff's condition.  AT 23.  There was no error in the ALJ's application of the
5  unfavorable grid rule 201.21 to find plaintiff not disabled prior to her fiftieth birthday.

   The ALJ's decision is fully supported by substantial evidence in the record and based on the proper legal standards.  Accordingly, IT IS HEREBY ORDERED that:

   1. Plaintiff's motion for summary judgment or remand is denied, and

   2. The Commissioner's cross-motion for summary judgment is granted.

DATED: September 21, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

006
hayes1621.ss